## In re GORDON.

### (District Court, D. Vermont. May 12, 1902.)

BANKRUPTCY—JURISDICTION—HOMESTEAD.

Under Bankr. Law 1898, § 70, passing to the trustee property which might have been levied on and sold under process against the bankrupt, and V. S. § 2186, which makes the homestead subject to attachment and execution on causes of action existing at the time of acquiring the homestead, the bankruptcy court has jurisdiction to sell so much of the homestead, subject to the mortgage thereon, as will satisfy such prior debts, without, however, the costs of suits thereon.

In Bankruptcy.

Aldrich & Reirden, for trustee.
May & Simonds, for bankrupt.

WHEELER, District Judge. The bankrupt appears to have a homestead of the appraised value of $750, subject to a mortgage of about $250, and to owe debts that accrued prior to his acquiring the homestead to the amount of about $350. These creditors sued their claims and attached the homestead, and have proved their claims as unsecured debts. The referee, against the protest of the bankrupt that the court of bankruptcy has no jurisdiction over the homestead because it is exempt property, has granted leave to sell so much of the homestead as is not exempt from these prior debts subject to the mortgage, and this is a review of that order.

By the laws of the state the homestead is "subject to attachment and levy of execution upon causes of action existing at the time of acquiring the homestead" (V. S. § 2186); and by the bankrupt law property "which might have been levied upon and sold under judicial process against" the bankrupt passes to the trustee (section 70). These provisions bring so much of this homestead as is not exempt from these debts within the jurisdiction of these bankruptcy proceedings. Whatever is left must remain to the bankrupt as an interest in the homestead, for there is no law to compel taking money for an interest in the homestead where the whole does not exceed $1,000 in value. V. S. §§ 2193, 2194. According to the appraisal, the bankrupt has an interest of the value of about $150, or of about three-tenths of the whole, subject to the mortgage, that is exempt from these and all debts. This may not be near the exact interest, and there may not turn out to be any interest exempt from these debts, but if there is any it must be saved to him in the homestead. This court can only sever the rest from it, and deal with the rest according to the rights of the creditors. As the mortgage covers the whole, this can be done only by sale of fractional parts of the whole, or the whole if necessary, to satisfy the amount of these prior debts. The state statutes put the mortgage upon the part outside the exemption. V. S. § 2181. But, as there is no exemption from these debts, that provision does not apply. The rights of all will be preserved by selling such fractional part of the homestead subject to the mortgage as will bring enough to satisfy these prior debts. Costs of the suits on these claims are not such a part of the debts as to belong to the priority, and only

the amount of the naked claims is to be reckoned in determining the part of the homestead not exempt.

The proof of the claims as unsecured is relied upon to defeat the priority. But this right to follow the property is not a lien; it arises from a limitation of the exemption merely in favor of this class of creditors, whomsoever they may be. The attachments created no right under the bankrupt law. This is not contrary to the cases cited by the bankrupt, that hold waivers of, or liens upon, exemptions to be outside the jurisdiction of the courts of bankruptcy, for here what is reached is not within the exemption. Woodruff v. Cheeves, 5 Am. Bankr. R. 296, 105 Fed. 601. Bankruptcy courts have nothing to do with exemptions but to set them out. Here, as to these prior claims, there is no exemption in this homestead to set out.

The order is said to authorize a sale of the homestead and the transfer of the bankrupt's interest in it to the avails. It does not seem to mean that. If it does, it should be so modified as to only authorize the sale of such a share of the homestead subject to the mortgage as is necessary to satisfy the prior claims.

Order modified, if necessary, so as to authorize sale of such share of the homestead subject to the mortgage as is required to satisfy prior claims, and as modified affirmed.